IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE C. DANTIN, | ) |
|    Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 2:15-CV-762-MHT |
| CRENSHAW COUNTY JAIL, *et al.*, | ) [WO] ) ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Crenshaw County Jail in Luverne, Alabama. He brings this 42 U.S.C. § 1983 action claiming that Defendants subjected him to unconstitutional conditions of confinement at the jail in September 2015. Plaintiff names as one of the defendants the Crenshaw County Jail. Upon review, the court concludes that dismissal of Plaintiff's claims against the Crenshaw County Jail prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

The Crenshaw County Jail is not a legal entity. It is, therefore, not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The court, therefore, concludes that Plaintiff's claims against this defendant should be dismissed. *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Crenshaw County Jail be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Crenshaw County Jail be DISMISSED as a party to this complaint; and

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

3. This case regarding the remaining defendants be referred to the undersigned for additional proceedings.

It is further

ORDERED that **on or before November 23, 2015**, Plaintiff may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 6th day of November 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE