IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE C. DANTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-762-MHT |
| ) | [WO] |
| CRENSHAW COUNTY JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action was filed by Plaintiff on October 20, 2015. On October 27, 2015, the court entered an order of procedure which instructed Plaintiff, among other things, to inform the court of any change in his address. *Doc. No. 4.* The order also cautioned Plaintiff that failure to comply with this specific directive would result in a Recommendation that his case be dismissed. *Id.*

On December 16, 2015, Plaintiff's copy of a court order entered December 9, 2015, was returned to the court marked as undeliverable because Plaintiff was no longer at the most recent address he provided to the court when he filed this action. Consequently, a show cause order was entered on December 17, 2105, directing Plaintiff to provide the court with his present address on or before December 28, 2015. *Doc. No. 18.* Plaintiff was cautioned that his failure to comply with the court's December 17, 2015, order would result in a Recommendation this case be dismissed. *Id.* On December 28, 2015, the envelope containing Plaintiff's copy of the court's December 17 show cause order was returned to the court marked as undeliverable. As it appears clear that Plaintiff is no longer residing at the most recent service address he provided to the

court and that he has not provided this court with a new service address, the undersigned concludes that dismissal of the complaint is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

It is

ORDERED that **on or before January 25, 2016**, Plaintiff may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 7th day of January 2016.

                          /s/Terry F. Moorer
                          TERRY F. MOORER
                          UNITED STATES MAGISTRATE JUDGE